**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Lonnie REYNOLDS,
Defendant-Appellant.**

No. 83–8533.

United States Court of Appeals,
Eleventh Circuit.

March 12, 1984.

Michael A. Kessler, Atlanta, Ga., for defendant-appellant.

Richard B. Kuniansky, Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before HILL, VANCE and ANDERSON, Circuit Judges.

PER CURIAM:

In this case, writ of possession was executed by state officials in compliance with state law and due process. Pursuant thereto, the state officials properly were authorized to remove from an apartment personal property belonging to appellant Reynolds and place same on the public street. In the course thereof, the officials discovered, in the pocket of appellant's sports jacket, several treasury checks later determined to be stolen. We find no error in the district court's denial of appellant's motion to suppress the checks. It was eminently reasonable for the state officials to conduct such an inventory-type search. *See Illinois v. Lafayette,* —— U.S. ——, 103 S.Ct. 2605, 2608, 77 L.Ed.2d 65 (1983) ("the inventory search constitutes a well-defined exception to the warrant requirement"); *South Dakota v. Opperman,* 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976). The procedure followed here to remove weapons, drugs, or other items that might endanger the public from Reynolds' personal property before placing it on the public street was reasonable. *Cf. Cady v. Dombrowski,* 413 U.S. 433, 447–48, 93 S.Ct. 2523, 2530–31, 37 L.Ed.2d 706 (1973) ("concern for the safety of the general public" justified search without warrant or probable cause of car towed by police to garage following accident and "vulnerable to intrusion by vandals").

AFFIRMED.